LEMMON, Judge.
Plaintiff, a Gretna city policeman, sued to recover $3,000.00 allegedly due under a contract with defendant, a nonprofit corporation with an active membership limited to full-time employees of the police department. After a trial on the merits the trial court awarded plaintiff the amount claimed, and defendant appealed.
Defendant corporation was organized for the following specific purposes stated in the charter:
“(1) To foster, promote and encourage improved law enforcement in the City of Gretna.
“(2) To promote public welfare by elevating the standards of the profession of law enforcement.
“(3) To promote and encourage cooperation between the Gretna Police Department and other law enforcement agencies and personnel.
“(4) To promote among the. members of the said profession mutual improvements, social intercourse and fraternalism.
“(5) Generally, to do any and all things advisable, desirable or necessary in the interest of the members of the Gretna Police Department.”
The charter further provided that corporate funds could be used in furtherance of the corporation’s objects and purposes.
While in the course of his employment duties on September 6, 1975, plaintiff was involved in a shooting incident. The following day he retained the service of an attorney to defend him against criminal charges arising from the incident. Later that month plaintiff was indicted on charges' of negligent homicide.
After fellow policemen informed defendant’s members of the fees incurred by plaintiff to defend charges connected with his police activities, the members voted unanimously on December 9,1975 to provide him with the funds to pay for the representation.
Plaintiff was subsequently acquitted after a jury trial in which he was represented by the attorney retained immediately after the incident. When presented with plaintiff’s bill for legal services, defendant was informed that payment of the bill was unlawful (although similar action had previously been taken on behalf of another member). Plaintiff then filed this suit, and the members voted to rescind the action taken at the earlier meeting.
Plaintiff’s suit is primarily based on enforcement of a contractual obligation. This record, however, provides no basis for a conclusion that defendant ever incurred a *1367 legal obligation to pay plaintiff the cost of his defense. Civil obligations arise in two ways, by operation of law and by consent of the parties. C.C. art. 1760. No obligation on defendant’s part arose when plaintiff incurred the debt by contracting to employ his attorney. Defendant’s subsequent action of passing a resolution to provide funds for payment of the debt cannot be construed as a conventional obligation by which one person obligated himself to another, as contemplated by C.C. art. 1761.
At most defendant’s action may be deemed a gratuitous promise or a donation inter vivos, which was never reduced to notarial act, and accepted in precise terms by the donee nor accomplished by manual delivery. C.C. arts. 1468, 1536, 1538, 1539 and 1540. Thus, the donation never became binding on the donor and was subject to rescission by defendant’s subsequent action.
Plaintiff’s final contention, advanced for the first time in oral argument, is that he incurred the legal fees in reliance on defendant’s promise. The record does not bear out this contention. Plaintiff employed counsel immediately after the incident and apparently agreed to pay the fee charged by the attorney. Defendant took no action to underwrite the fee until three months later. Furthermore, nowhere does plaintiff suggest that he forewent the possibility of using a public defender instead of private counsel or that he otherwise changed his position in reliance on that gratuitous promise.

REVERSED AND RENDERED.